**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Excel Fortress Limited, et al., | No. CV-17-04297-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Vaughn La Verl Wilhelm, et al., | |
| Defendants. | |

The operative complaint in this case (Doc. 62) asserts the following seven counts: (1) violations of the Texas Uniform Trade Secrets Act, (2) violations of the Federal Defend Trade Secrets Act, (3) business disparagement, (4) tortious interference, (5) breach of contract, (6) negligence, and (7) conversion. In counts 1 and 2, five individuals and entities are named as defendants: Vaughn La Verl Wilhelm, Ryan McHugh, Eversource Capital LP, Eversource Group, LP, and Eversource Global Technology LLC. (*Id.* at 15-16.) Count 3, 6, and 7 are asserted only against Wilhelm. (*Id.* at 17, 19-20.) Count 4 seems to be asserted against all five defendants. (*Id.* at 18.) Count 5 is asserted only against Wilhelm and McHugh. (*Id.* at 18-19.)

Now pending before the Court is Plaintiffs' motion, under Federal Rule of Civil Procedure 41(a)(2), to dismiss most of these counts and defendants without prejudice. (Doc. 123.) Specifically, Plaintiffs move to dismiss all counts without prejudice as to four of the defendants (McHugh and the three Eversource entities) and move to dismiss Counts 1 and 2 without prejudice as to defendant Wilhelm. (*Id.*) Plaintiffs further state they will

"agree to condition the dismissal without prejudice upon the trade secret claims (Counts I and II) being refiled in this Court and before the Honorable Dominic W. Lanza." (Doc. 123 at 4.)

In their response, Defendants don't oppose the relief sought by Plaintiffs but believe the dismissal should be conditioned on a requirement that all of the dismissed counts—not just the trade secret claims in Counts 1 and 2—must be re-filed in this Court. (Doc. 127 at 1-2.)[1]

The Court agrees with Defendants. Plaintiffs haven't attempted to explain why the condition they concede should be applied to their dismissal of Counts 1 and 2 shouldn't also apply to their dismissal of the remaining counts.

Because Plaintiffs didn't agree to this condition in their motion, the Court cannot simply grant their motion. Instead, the court must "grant[ ] to the plaintiff the option to refuse the voluntary dismissal if the conditions imposed are too onerous." *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986). To accomplish this, the court must "provide [Plaintiffs] a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing [their] motion for dismissal or to accept the dismissal despite the imposition of conditions." *Id.* at 931.

Accordingly, **IT IS ORDERED** that Plaintiffs have 7 days, from today's date, to consider whether to accept the proposed dismissal on the terms outlined above or to withdraw their motion to dismiss. Plaintiffs must, before the expiration of this period, inform the Court of their decision by filing a notice through the CM/ECF system. A failure to respond within this period will be deemed an acceptance of the Court's proposed terms.

If Plaintiffs accept these terms (or fail to respond), the Court will issue a separate order granting the motion to dismiss (Doc. 123) on the following terms: (1) all claims against defendants McHugh, Eversource Capital LP, Eversource Group, LP, and Eversource Global Technology LLC will be dismissed without prejudice, with the condition that, if Plaintiffs seek to reassert any of those claims in the future, such claims

---

[1] After Defendants' response was filed, Plaintiffs informed the Court that they would not be submitting a reply.

must be refiled in this Court before the undersigned judge; and (2) Claims 1 and 2 against defendant Wilhelm will be dismissed without prejudice, with the condition that, if Plaintiffs seek to reassert any of those claims in the future, such claims must be refiled in this Court before the undersigned judge.

Dated this 24th day of January, 2019.

Dominic W. Lanza
United States District Judge