**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Excel Fortress Limited, et al., | No. CV-17-04297-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Vaughn La Verl Wilhelm, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint notice of discovery dispute. (Doc. 140.) The dispute concerns a Rule 45 subpoena that Plaintiffs issued to T-Mobile, which sought all of Defendant Vaughn Wilhelm's cell phone records for a three-and-a-half year period (September 2014 to March 2018). After Defendant objected to the scope of the subpoena (and after T-Mobile produced the full set of records to Defendant), Plaintiffs agreed to limit the request to the "telephone records from April 1, 2016 through April 2017 and only as to specific telephone numbers of [11] individuals involved in the case." (Doc. 140 at 1.)

In the joint notice, Defendant argues he shouldn't be required to produce the requested materials because (1) the original subpoena to T-Mobile was overbroad and sanctionable, (2) the Court previously denied Plaintiffs' motion to compel as to the full set of telephone records, so "there is no outstanding discovery request or subpoena to which a response is owed," and (3) the narrowed request remains inappropriate because many of the telephone numbers belong to Plaintiffs' own employees and customers, yet Plaintiffs

haven't produced any associated phone records as part of their discovery obligations in this case (which undermines any suggestion the records are potentially relevant).

The Court will overrule Defendant's objections and order him to produce the requested records. On November 20, 2018, the Court issued an order denying Plaintiffs' motion to compel Defendant to produce all of his telephone records from September 2015 to the present. (Doc. 100 at 9.) The Court ruled that *'[a]lthough some of [Defendant's] cell phone records may be properly subject to discovery*, Plaintiffs' insistence on demanding the production of personal cell phone records with no connection to the claims asserted in the complaint renders this request—like so many of the others—overbroad." (*Id.*, emphasis added.) Now that Plaintiffs have agreed to substantially narrow the scope of their request—they seek only a year's worth of phone records, and only the subset of those records showing calls to or from a discrete group of 11 individuals who are connected to this case—the Court's overbreadth concerns have been addressed. As narrowed, the Court finds that Plaintiffs' request passes muster under Rule 26. *See, e.g.,* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). Moreover, this is not a situation where Plaintiffs are asking the Court to rewrite their discovery requests (which occurred during the earlier motion-to-compel proceedings). Instead, they have formulated their own narrowing construction and presented it to Defendant in an attempt to meet and confer.

Dated this 15th day of April, 2019.

_____
Dominic W. Lanza
United States District Judge