**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Excel Fortress Limited, et al., | No. CV-17-04297-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Vaughn La Verl Wilhelm, et al., | |
| Defendants. | |

Pending before the Court is the parties' "Joint Written Memorandum Regarding Remedies." (Doc. 159.) In this memorandum, Defendant Vaughn La Verl Wilhelm ("Defendant") asks the Court to impose about $27,000 in sanctions against Plaintiffs under Rule 37. For the following reasons, this request will be granted in part and denied in part.

## BACKGROUND

On March 8, 2019, Defendant filed a motion for sanctions under Rule 37(b)(2). (Doc. 134.) The motion was filed in response to Plaintiffs' production, one week earlier, of a "supplemental" MIDP disclosure that greatly expanded Plaintiffs' damage theories. In a nutshell, Defendant argued that (1) this late disclosure was improper because Plaintiffs were required to disclose their damage computations at the outset of the case, not on the eve of the discovery cutoff, and (2) this late disclosure was prejudicial because, had Defendant been aware of Plaintiffs' various damage theories at the start of the case, he would have conducted additional discovery and/or hired additional experts. As a remedy, Defendant argued that "sanctions in the form of exclusion of any evidence supporting

damages identified in Categories 1, 3, 4, 5, and 6 are appropriate." (*Id.* at 6.) In the final paragraph of the motion, Defendant also included a request for "monetary sanctions in the form of attorneys fees incurred in briefing this motion" and "any other relief the Court deems to be just and proper." (*Id.* at 11.)

On June 17, 2019, after hearing argument from the parties, the Court issued an order that granted in part, and denied in part, Defendant's motion. (Doc. 151.) Although the Court concluded that Plaintiffs' initial damage disclosure in January 2018 was inadequate, the Court also noted that Defendant "didn't raise any concerns about the sufficiency of Plaintiffs' damage-related disclosures until February 2019—13 months after they were initially provided" and that "Plaintiffs' counsel promptly addressed those concerns and provided detailed computations . . . within 10 days of the request." (*Id.* at 5-6.) The Court further noted that, although Plaintiffs' counsel also made misleading statements to defense counsel during the discovery process about two particular categories of damages, those statements should not be viewed "as some sort of intentional attempt to mislead" (*id.* at 9) and "were not the product of 'bad faith'" (*id.* at 12). Given this backdrop, the Court concluded "it would be improper to strike Plaintiffs' damage claims due to untimely disclosure" and that "other options are available here . . . to make [Defendant] whole." (*Id.* at 6, 9.) As examples of such "other options," the Court noted that it might be appropriate (1) to retroactively extend the expert-disclosure deadline so Defendant could hire a damages expert, (2) to allow Defendant to conduct "additional fact discovery" concerning the late-disclosed damage theories, and/or (3) to require Plaintiffs to pay for the costs associated with any additional discovery. (*Id.* at 9, 12.) The Court thus ordered the parties to meet-and-confer about, *inter alia*, "what additional steps [Defendant] would need to pursue to cure the prejudice arising from [the misleading statements], how much such steps would cost, and who should bear the associated expense." (*Id.* at 12.)

On July 8, 2019, the parties filed their "Joint Written Memorandum Regarding Remedies." (Doc. 159.) This document reports that Plaintiffs have now agreed to voluntarily dismiss all but one of their damage claims (the negligence claim against

Defendant for purportedly wasting chemicals through negligent mixing). Defendant contends this dismissal will not make him whole and argues he should be awarded about $27,000 in attorneys' fees. (*Id.* at 4.)

**DISCUSSION**

In his Rule 37 motion, Defendant asked the Court to throw out most of Plaintiffs' damage claims because they weren't timely disclosed. The Court declined to grant this request because it was too severe and instead attempted to identify other, less drastic mechanisms to cure the prejudice arising from the late disclosure, such as allowing Defendant to hire additional experts, conduct more discovery, and/or require Plaintiffs to pay the costs associated with the additional discovery. Nevertheless, after the Court ordered the parties to meet and confer about exactly what such steps might look like, Plaintiffs capitulated and agreed to dismiss all of the damage claims at issue—the very remedy Defendant initially sought. Defendant now asks for four categories of fees: specifically, the fees he incurred (1) when briefing and arguing the Rule 37 motion, (2) when responding to Plaintiffs' counsel's misleading statements, (3) when preparing a never-filed summary judgment motion on one of Plaintiffs' now-withdrawn damage claims, and (4) when pursuing discovery concerning some of Plaintiffs' now-withdrawn damage claims. (Doc. 159 at 4.)

The Court will grant this request as it pertains to the first category of fees. Under Rule 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, the Court already granted Defendant's Rule 37 motion in part and Plaintiffs subsequently agreed to abandon their late-disclosed damage theories. All of this suggests that Defendant was justified in seeking relief under Rule 37, that Plaintiffs' conduct wasn't substantially justified, and that it wouldn't be unjust to require Plaintiffs to reimburse Defendant for the cost of seeking relief.

In contrast, the Court declines to make any fee award as to second, third, and fourth

categories of fees specified in the joint memorandum. This portion of Defendant's fee request is predicated on the notion that Plaintiffs didn't have a good-faith basis for advancing some of the now-withdrawn damage theories and that Defendant was forced to expend unnecessary fees addressing those theories before they were withdrawn. (*See, e.g.,* Doc. 159 at 5 ["Had Plaintiffs simply followed the mandate to perform adequate factual and legal research before disclosing their new damages theories on March 1[, 2019], none of these proceedings would have occurred."].) This is, in essence, a Rule 11 claim. However, Defendant's sanctions motion was predicated on Rule 37 and only sought the exclusion of Plaintiffs' damage claims based on *when* they were disclosed. Thus, the purpose of the parties' joint memorandum was simply to follow up on the Rule 37 analysis by outlining what additional expert- and discovery-related steps Defendant might need to pursue to address the belatedly-disclosed damage claims and who should pay for those steps.

To be sure, the Court made various statements during the hearing and in its June 2019 order about the need to make Defendant "whole." Those statements, however, merely reflected the Court's view that Defendant shouldn't be prejudiced by the late timing of Plaintiffs' disclosure of their damage computations and should be afforded the opportunity to engage in whatever expert and fact discovery was necessary to address those damage claims on the merits. Thus, to the extent Defendant believes Rule 11 sanctions are warranted because Plaintiffs' decision to pursue certain damage theories was substantively frivolous (which is different from an untimely-disclosure theory), he must file a new motion instead of tucking his request into a joint memorandum on a different topic. This approach will also provide Plaintiffs with a full and fair opportunity to respond to any Rule 11 claim on the merits.

For all of these reasons, Defendant may file a motion for attorneys' fees limited to the fees incurred when briefing and arguing the Rule 37 motion. That motion shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all information

required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

Dated this 25th day of July, 2019.

_____
Dominic W. Lanza
United States District Judge