**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Excel Fortress Limited, et al., | No. CV-17-04297-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Vaughn La Verl Wilhelm, et al., | |
| Defendants. | |

Pending before the Court are (1) Plaintiff EFG America, LLC's ("EFG") Rule 56(d) motion to defer consideration of Defendant Vaughn La Verl Wilhlem's ("Wilhelm") motion for summary judgment (Doc. 160) and (2) the parties' stipulation to stay depositions (Doc. 169). For the following reasons, EFG's motion will be denied and the parties' stipulation will be granted.

## BACKGROUND

Although this case once involved an array of different parties and claims, it now involves a single negligence claim by one plaintiff (EFG) against one defendant (Wilhelm).[1] Specifically, EFG alleges while Wilhelm was working for EFG "on a consultant basis," with "responsibilities" that "included acquiring the ingredients and overseeing the mixture of specialty chemical compounds required in [EFG's] devulcanization rubber technology operation," Wilhelm "negligently ordered the wrong

---

[1] Although the motion to dismiss EFG's remaining claims against Wilhelm (and to dismiss all of the other plaintiff's claims against Wilhelm) is not yet fully briefed (Doc. 165), EFG acknowledges the only remaining live claim in this case is its negligence claim against Wilhelm. (Doc. 160 at 5.)

amount of chemicals, the wrong chemicals and failed to order some chemicals entirely." (Doc. 160 at 2.) As damages, EFG seeks to recover both the cost of the purportedly wasted chemicals and the consulting payments that were made to Wilhelm.

On July 2, 2019, Wilhelm filed a motion for summary judgment on EFG's negligence claim. (Doc. 157.) In that motion, Wilhelm argues the negligence claim fails as a matter of law because (1) EFG failed to retain an expert and thus cannot establish the standard of care, (2) the claim arises from his work as an independent contractor and is thus barred by the economic-loss rule, (3) there is no causal connection between his purported negligence and the consulting payments, which would have been paid regardless of whether he performed in a negligent manner, and (4) the consulting payments were made to a pair of LLCs, not to him personally, so he can't be held liable for them. (*Id.*)

On July 12, 2019, EFG filed a Rule 56(d) motion. (Doc. 160.) In a nutshell, EFG contends it should be allowed to depose Wilhelm before responding to his summary judgment motion. (*Id.*) EFG also identifies an array of questions it wishes to ask Wilhelm during his deposition (*id.* at 8-10) and contends its negligence claim doesn't require expert testimony and won't be barred by the economic-loss rule (*id.* at 7-8).[2]

On July 17, 2019, Wilhelm filed an opposition to the Rule 56(d) motion. (Doc. 162.)

On July 24, 2019, EFG filed a reply in support of its Rule 56(d) motion. (Doc. 163.)

On August 8, 2019, the parties filed a "Joint Motion to Stay Depositions." (Doc. 169.) In this motion, the parties ask for a stay of all deposition deadlines in this case "pending resolution of [EFG's] Motion to Defer (ECF No. 160) and, in the event the Motion to Defer is denied, pending resolution of [Wilhelm's] Motion for Summary Judgment (ECF No. 157)." (*Id.* at 2.) In support of this request, the parties state that "[a]lthough [EFG] seeks to take [Wilhelm's] deposition for purposes of [Wilhelm's] Motion for Summary Judgment, the Parties wish to avoid the unnecessary expenditure of

---

[2] Following EFG's filing of its Rule 56(d) motion, the Court issued an order staying the briefing schedule on Wilhelm's summary judgment motion pending the resolution of EFG's motion. (Doc. 161.)

- 2 -

time and resources of taking all depositions by both sides while di[s]positive motions are still pending and in the event the Court decides that [Wilhelm's] deposition is unnecessary to consideration of his Motion for Summary Judgment." (*Id.*)

**DISCUSSION**

I. <u>The Rule 56(d) Motion</u>

Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party seeking relief under Rule 56(d) "must make clear what information is sought and *how it would preclude summary judgment*." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (quotation omitted) (emphasis added). Thus, if the party seeking relief would lose at summary judgment even after obtaining the information at issue, the Rule 56(d) request should be denied. *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017) (affirming denial of Rule 56(d) motion because "the additional discovery that Holland America sought in its opposition to Midbrook's summary judgment motion" had "no bearing" on the legal issue that provided the foundation for the summary judgment motion).

Here, EFG seeks a continuance under Rule 56(d) so it can depose Wilhelm before responding to his pending summary judgment motion. As explained below, this request will be denied because nothing Wilhelm might say in his deposition would preclude summary judgment—EFG's failure to obtain an expert means its negligence claim is doomed.

The parties agree that EFG's negligence claim against Wilhelm is governed by Texas law. (*Compare* Doc. 157 at 3-4 [Wilhelm's MSJ, citing Texas law] *with* Docs. 160 at 7-8 and 163 at 4-5 [EFG's Rule 56(d) motion and reply, discussing Texas law on the need for expert testimony].) In Texas, "[e]xpert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman." *FFE*

*Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (citation omitted). When conducting this inquiry, "Texas courts have considered whether the conduct at issue involves the use of specialized equipment and techniques unfamiliar to the ordinary person." *Id.* at 91.

It seems clear that EFG will need expert testimony to prevail on its negligence claim against Wilhelm.[3] Indeed, EFG admits that Wilhelm's "responsibilities included acquiring the ingredients and overseeing the mixture of specialty chemical compounds required in [EFG's] devulcanization rubber technology operation." (Doc. 160 at 2.) It is hard to imagine a better illustration of "specialized equipment and techniques unfamiliar to the ordinary person." *Fulgham*, 154 S.W.3d at 91.

Unsurprisingly, given the specialized industry (rubber devulcanization) from which its claim arises, EFG's actual theory of negligence concerning Wilhelm is also highly specialized and technical. Although EFG now seeks to portray its negligence claim as a simple one that turns on Wilhelm's failure to follow basic checklists and instructions (Doc. 163 at 4-5), EFG's discovery disclosures paint a much different picture. In a discovery response prepared on July 1, 2019, EFG summarized the "facts" and "legal theories" underlying its negligence claim against Wilhelm as follows:

> In May and June 2015, Defendant Wilhelm purchased quantities of various ingredients in amounts different than designated and in disproportion to the ratio indicated by the compound formulations EFG provided to him. He also failed to purchase six of the key ingredients, which made up approximately 34% of the chemical compound "modifier" needed for the company's product operation. One of these ingredients, called butyl stearate, was readily available. Instead, Defendant Wilhelm purchased an entirely different and completely unrelated chemical, zinc naphthenate. Most, if not all, of the other five key ingredients that Defendant Wilhelm failed to purchase for the manufacture of the modifier were readily available in the

---

[3] The Court couches this conclusion with the modifier "it seems clear" because EFG has not yet filed its response to Wilhelm's summary judgment motion (in which EFG will presumably further respond, on the merits, to Wilhelm's argument that the negligence claim fails as a matter of law due to the absence of expert testimony). Although EFG provided some briefing on this issue in its Rule 56(d)-related filings (Doc. 160 at 7-8; Doc. 163 at 4-5), which the Court does not find persuasive, it's always possible that EFG will develop some additional lines of argument and/or identify some additional supportive cases in its summary judgment briefing.

> marketplace. He purchased a significant inventory of seven chemicals that were not listed in the required chemicals information and are not used by EFG at all. They were zinc naphthenate, steric acid, mercaptobenzimidazole, methyl-2 mercaptobenzimidazole, mercaptobenzimidazole zinc salt, N-isopropyl-N-phenyl-1-4-phenylenediamine, and dithiobisbenzanilide.
>
> Defendant Wilhelm also negligently purchased the same chemical, chlorinated paraffin, from two suppliers, unnecessarily paying one of the suppliers $300 more per unit. Additionally, the activator and modifier formula start-up requirements call for approximately 5,700 pounds of chlorinated paraffin and he purchased 26,500 pounds of it. The start-up requirements call for 569 pounds of triethylenetetramine and Defendant Wilhelm ordered 6000 pounds of it. The start-up requirements call for 1,272 pounds of sulfur and Defendant Wilhelm ordered 8,400 pounds of it. The start-up requirements call for 1,706 pounds of 2-(4-morpholinydithio) benzothiazole and Defendant Wilhelm ordered 24,000 pounds of 4-(2-benzothiazolyldithio) morpholine as a substitute. The start-up requirements call for 2,843 pounds of alkylphenol disulfide (Vultac 2) and Defendant Wilhelm ordered 6,600 pounds of phenol, 4-(1,1-dimethylpropyl) as a substitute. The start-up requirements call for 6,737 pounds of coumarone rosin and Defendant Wilhelm ordered 31,400 pounds of it.

(Doc. 157-3 at 7.) It is inconceivable that a layman could make heads or tails of these accusations without an expert. The bottom line is that EFG's negligence claim turns on the interplay between chemicals and compounds that most jurors won't even be able to pronounce, let alone be familiar with. Texas law requires expert testimony in this circumstance. *Fulgham*, 154 S.W.3d at 90 ("Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman.").[4]

Finally, the cases cited in EFG's Rule 56(d) motion and reply are easily

---
[4] *See also Ortiz v. St. Teresa Nursing & Rehabilitation Center, LLC*, 2019 WL 2315007, *7 (Tex. Ct. App. 2019) ("How a health care institution develops a fall prevention plan for a cognitively impaired, and possibly frail individual, would likely fall outside a layperson's common knowledge. . . . We reject the notion that no expert was required here . . . ."); *Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 738 (Tex. Ct. App. 1999) (negligence claim concerning aircraft turbine engine mechanic required expert testimony because "[t]he performance of mechanical work on turbine aircraft engines is not within the experience of a layman"); *Hager v. Romines*, 913 S.W.2d 733, 734-35 (Tex. Ct. App. 1995) ("We find that the standard of care in the aerial application of herbicide, as well as the violation of such standard, must be established by expert testimony. . . . Not only is flying an airplane not within the realm of experience of the ordinary, prudent person or juror, applying herbicide and pesticide aerially requires use of specialized equipment and techniques that are not familiar to the ordinary person.").

distinguishable and do not establish that expert testimony is unnecessary here. In *Reed v. Granbury Hospital Corp.*, 117 S.W.3d 404 (Tex. Ct. App. 2003), although the court suggested that "the standard of administrative care at a hospital may be established by lay testimony," it went on to affirm the trial court's grant of summary judgment to the defense because "expert testimony is required where, as here, the underlying issue involves the performance of medical procedures" and the plaintiffs hadn't produced any admissible expert testimony on that topic. *Id.* at 409-14. It's unclear why EFG believes *Reed* is helpful to its position—its theory of negligence against Wilhelm is not akin to "the standard of administrative care at a hospital" and instead involves highly technical questions of chemical mixing, interaction, and substitution. Meanwhile, in *Scurlock Oil Co. v. Harrell*, 443 S.W.2d 334 (Tex. Ct. App. 1969), the plaintiff asserted a negligence claim against an oil company for allowing an underground pipeline to degrade and cause oil to seep onto the plaintiff's property, resulting in property damage and the killing of "sixteen sheep [that] died from drinking oil." *Id.* at 335. The court held that expert testimony was not necessary to support that claim because "[a] pipe that has deteriorated to a point where it will no longer contain the liquid that it was meant to contain is not a fact so peculiar to a specialized industry that the defect can only be established through expert testimony." *Id.* at 337. But here, EFG is not simply complaining about a pipe that broke—it seeks to hold Wilhelm liable for, among other things, believing that a chemical called "zinc naphthenate" was an appropriate substitute for a chemical called "butyl stearate" for purposes of the rubber devulcanization process. (Doc. 157-3 at 7.) Although a layman might be able to grasp the former, the latter would be inscrutable without expert guidance.

II. <u>The Stay Request</u>

The parties have jointly asked the Court, in the event it denies EFG's Rule 56(d) motion, to stay all of the deposition deadlines in this case pending the resolution of Wilhelm's summary judgment motion. (Doc. 169.) Although the Court is usually loathe to stay discovery pending the resolution of a motion, it will grant the parties' request here because it seems likely, in light of the analysis in Section I, that Wilhelm will ultimately

prevail on his summary judgment motion.

Accordingly, **IT IS ORDERED** that:

(1) EFG's Rule 56(d) motion (Doc. 160) is **denied**;

(2) The parties' stipulation (Doc. 169) is **granted**;

(3) Depositions shall be **stayed** pending resolution of Wilhelm's motion for summary judgment;

(4) EFG's response to Wilhelm's motion for summary judgment must be filed by **September 12, 2019**; and

(5) Wilhelm's reply in support of his motion for summary judgment must be filed within 15 days after service of EFG's response.

Dated this 13th day of August, 2019.

Dominic W. Lanza
United States District Judge